Filed 6/22/21  P. v. Gardner CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B304947 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. A798933 |
| v. | |
| RAYMOND GARDNER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eric P. Harmon, Judge. Affirmed.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1987, Raymond Gardner and an accomplice killed Edith DeLane Porchia in her home. Gardner was convicted of first degree murder with robbery-murder and burglary-murder special circumstance findings and was sentenced to life in prison without the possibility of parole. After the enactment of Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015), Gardner petitioned for resentencing under Penal Code[1] section 1170.95, and the trial court appointed counsel to represent him. After considering briefing and argument from both sides, the court denied the petition without issuing an order to show cause. The court concluded that Gardner, as an aider and abettor, harbored intent to kill, rendering him ineligible for relief under the statute.

On appeal, Gardner claims the court erred because the special circumstance findings were made before the California Supreme Court clarified the meanings of "major participant" and "reckless indifference to human life" in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Gardner also claims that the court improperly applied a substantial evidence standard in denying the petition. We affirm.

## BACKGROUND

By information filed August 1987, Gardner was charged with first degree murder (§ 187, subd. (a); count 1), robbery (§ 211; count 2), burglary (§ 459; count 3), and various enhancements, arising from Porchia's death. In July 1990, a jury found Gardner guilty of first degree murder and found true the special circumstance allegations that the murder was committed

___

[1] All undesignated statutory references are to the Penal Code.

while he was engaged in the crimes of robbery and burglary as charged in count 1. The jury also found Gardner guilty of robbery and burglary as charged in counts 2 and 3. The jury found not true the allegations that he used a deadly and dangerous weapon, a knife, and that the murder involved torture. The court sentenced Gardner to life without the possibility of parole for the murder (count 1), plus four years for the robbery (count 2) and four years for the burglary (count 3) to run consecutively. On appeal, this court affirmed the judgment as modified to stay the execution of the sentences imposed on the robbery and burglary counts. (*People v. Gardner* (Mar. 5, 1993, B056466) [nonpub. opn.].)

In January 2019, Gardner filed a petition for resentencing under section 1170.95 and requested the appointment of counsel. The trial court appointed counsel to represent him in February 2019.

In October 2019, the People filed an opposition to the petition for resentencing, maintaining that Gardner was ineligible for relief. The People argued that at the time of Porchia's murder, special circumstance liability for an aider and abettor required proof of intent to kill; thus, the jury's true findings on the special circumstances necessarily encompassed a finding that Gardner acted with intent to kill, rendering him ineligible for relief under section 1170.95. The People also filed an opposition asserting that Senate Bill 1437 and section 1170.95 are unconstitutional, although this argument was later withdrawn.

In December 2019, Gardner, now represented by counsel, filed two responses to the People's oppositions, both addressing his eligibility for relief under section 1170.95. Notably, Gardner

3

acknowledged that in determining whether he made a prima facie showing for relief, the court may consider the charging documents, the trial proceedings, trial transcripts, the appellate court record, and the appellate opinion. Gardner also acknowledged that "[e]ach of these items are considered part of the 'record of conviction' and admissible under the rules of evidence."

The court heard argument from the parties and took the matter under submission on January 14, 2020. On February 5, 2020, the court issued a written order denying the petition. The court explained that Gardner was ineligible for relief as a matter of law because the jury's true findings on the special circumstances necessarily meant the jury found that he acted with intent to kill, and therefore he could still be convicted of murder under the amended law.

Gardner filed a timely notice of appeal.

## DISCUSSION

Gardner argues the court erred in denying his petition without issuing an order to show cause. Specifically, he contends the court failed to consider that *Banks* and *Clark* "tightened the requirements for a showing of major participation and reckless indifference to human life" in the context of aider and abettor liability for a felony-murder special circumstance. Gardner also contends the court improperly found that the jury's verdict was supported by substantial evidence.

We conclude that when Gardner committed his crimes in 1987, the felony-murder special circumstance findings applied only to actual killers or aiders and abettors who acted with the intent to kill. The "major participant" and "reckless indifference to human life" provisions were not added until 1990. Thus,

4

Gardner's contention about the evolving definitions of "major participant" and "reckless indifference to human life" is not relevant in this appeal. Further, the court did not apply a "substantial evidence" standard in denying relief; it denied relief based on the jury's actual finding that Gardner acted with intent to kill.

## 1. S.B. 1437 and Section 1170.95

S.B. 1437, which took effect on January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 838–839 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder, permitting a murder conviction for a death that occurred during the commission of certain serious felonies only when the defendant was the actual killer, aided or abetted the underlying felony with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652 (*Rodriguez*); *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.)

S.B. 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of S.B. 1437's changes to the definition of the crime. (See *Gentile, supra*, 10 Cal.5th at pp. 852–853.) The petition must include a declaration the petitioner is eligible for relief under section 1170.95 and a statement whether the petitioner requests the appointment of counsel. (§ 1170.95, subd.

5

(b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326–327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a process for the court to determine whether an order to show cause should issue: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."[2]

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra*, 44 Cal.App.5th at p. 327, review granted.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt

---

[2] "The exact nature of this procedure is the focus of disagreement between *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted March 18, 2020, S260598, *Verdugo, supra*, 44 Cal.App.5th 320, review granted, and the many subsequent cases that have agreed with their interpretation of section 1170.95, subdivision (c), on the one hand, and *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted November 10, 2020, S264684, on the other." (*People v. Harris* (2021) 60 Cal.App.5th 939, 951, review granted Apr. 28, 2021, S267802, fn. omitted.)

that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *Rodriguez, supra*, 58 Cal.App.5th at p. 230, review granted; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309 [prosecutor must only prove a reasonable jury could find the defendant guilty of murder with the requisite mental state; "[t]his is essentially identical to the standard of substantial evidence"].) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981.)

## 2.    *Banks* and *Clark*

Section 189, subdivision (e), which permits a felony-murder conviction when specified facts relating to the defendant's individual culpability have been proved, incorporates in subdivision (e)(3) the same requirements for proving the defendant acted with reckless indifference to human life as a major participant in one of the identified serious felonies as necessary for a felony-murder special-circumstance finding under section 190.2, subdivision (d). The factors properly considered in assessing such a felony-murder special-circumstance finding were clarified in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522.

In *Banks* the Supreme Court identified factors courts should consider in determining whether a defendant was a "major participant" under section 190.2, subdivision (d): "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the

7

defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks, supra*, 61 Cal.4th at p. 803, fn. omitted.)

In both *Banks* and *Clark* the Court explained that, to determine whether the defendant acted with "reckless indifference," courts must look to whether a defendant has knowingly engaged in criminal activities known to carry a grave risk of death. (*Banks, supra*, 61 Cal.4th at p. 801.) As further refined in *Clark*, "reckless indifference" "encompasses both subjective and objective elements. The subjective element is the defendant's conscious disregard of risks known to him or her. … [R]ecklessness is also determined by an objective standard, namely what 'a law-abiding person would observe in the actor's situation.' " (*Clark, supra*, 63 Cal.4th at p. 617.)

The Supreme Court in *Clark* identified a series of considerations relevant to determining whether a defendant had acted with reckless indifference to human life (with some overlap with the major-participant factors specified in *Banks*). Among others, was the defendant aware that guns would be used; did the defendant himself or herself use a gun; did the defendant have an opportunity to reduce the overall risk of violence during the felony or to aid the victim; did the defendant know his or her cohorts were likely to use lethal force? (*Clark, supra*, 63 Cal.4th at pp. 618–622.) Specifically, with respect to the facts before it, the *Clark* court emphasized, "[W]hile the fact that a robbery involves a gun is a factor beyond the bare statutory requirements

for first degree robbery felony murder, this mere fact, on its own and with nothing more presented, is not sufficient to support a finding of reckless indifference to human life for the felony-murder aider and abettor special circumstance." (*Id.* at p. 618.)

**3.      The court did not err in denying the petition.**

In this case, the jury was instructed with CALJIC 8.80, which stated in relevant part: "If you find beyond a reasonable doubt that the defendant was either the actual killer or an aider and abettor, but you are unable to decide which, then you must also find beyond a reasonable doubt that the defendant intended either to kill a human being or to aid another in the killing of a human being in order to find the [burglary-murder or robbery-murder] special circumstance to be true. On the other hand, if you find beyond a reasonable doubt that the defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true." Thus, the court concluded, in light of this instruction, in finding Gardner liable for the burglary-murder and robbery-murder special circumstances as an aider and abettor, the jury necessarily found that he "intended either to kill a human being or to aid another in the killing of a human being." Accordingly, the court found that Gardner could still be convicted of murder notwithstanding the changes to the law.

The court was correct. By finding the special circumstance allegations true, the jury necessarily found that Gardner harbored intent to kill and aided and abetted the actual killer in the commission of first degree murder. And because Gardner was convicted under a valid theory of murder that survived the changes to sections 188 and 189, he is ineligible for relief under section 1170.95.

9

On appeal, Gardner argues the true findings on the special circumstances did not render him ineligible for relief because his trial predated *Banks* and *Clark*. To be sure, he acknowledges that appellate courts are divided as to whether defendants who were convicted of murder with special circumstance findings pre-*Banks* and *Clark* are eligible for relief under section 1170.95. (See, e.g., *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1143 [defendants are not eligible for relief]; *People v. York* (2020) 54 Cal.App.5th 250, 266, review granted Nov. 18, 2020, S264954 ["a pre-*Banks* and *Clark* special circumstance finding—necessarily made on the basis of our former, and significantly different, understanding of what the terms 'major participant' in the underlying felony and 'reckless indifference' to human life meant—does not preclude relief under section 1170.95 as a matter of law"]).) Gardner, of course, asks us to follow the line of authority holding that a jury's pre-*Banks* and *Clark* special circumstance findings do not preclude relief under section 1170.95 as a matter of law.

Here, we need not decide which line of authority is correct. In this case, the jury was never asked to determine whether Gardner was a major participant who acted with reckless indifference to life. Accordingly, his reliance on *Banks* and *Clark* is misplaced. And in 1987, when Gardner was charged with Porchia's murder, a felony-murder special circumstance could only be imposed if the defendant was the actual killer or harbored intent to kill. (See *In re Taylor* (2019) 34 Cal.App.5th 543, 550 [until the voters passed Proposition 115 in 1990, felony-murder aiders and abettors were only eligible for the death penalty under section 190.2 if they intended to kill]; see also *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298 [it was not until the passage of Proposition 115 in 1990 that section 190.2,

subdivision (d) added major participant who acted with reckless disregard for human life as a theory of liability for felony-murder special circumstance]; *Raven v. Deukmeijian* (1990) 52 Cal.3d 336, 344 [same].) Indeed, in the opinion on direct appeal—a document Gardner's counsel expressly asked the lower court to consider when reviewing his petition—this court recognized that in light of the jury's true findings on the robbery-murder and burglary-murder special circumstance allegations, Gardner's liability as an aider and abettor required proof of intent to kill.

Gardner also contends the court "compounded" the *Banks* and *Clark* "problem" by concluding that the jury's verdict was supported by substantial evidence. The import of this contention is unclear and not sufficiently developed. Accordingly, we need not address it. In any event, as noted, the *Banks* and *Clark* issue is not relevant in this appeal. And in evaluating whether Gardner made a prima facie showing he is entitled to relief, the court did not engage in improper fact-finding.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:


EDMON, P. J.


THOMAS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.